```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**BONIFACE W. WABUYABO,**

                  **Plaintiff,**

      v.                              **CASE NO. 17-3207-SAC**

**KANSAS DEPARTMENT FOR CHILDREN
AND FAMILIES, et al.,**

                  **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. §1983 by a prisoner at the Johnson County Adult Detention Center. Plaintiff proceeds pro se and submitted a motion to proceed in forma pauperis.

### The motion to proceed in forma pauperis

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Because petitioner has not supplied a financial statement, the

Court will direct him to supplement the motion to proceed in forma pauperis with a certified financial statement showing deposit and balance information for the six months preceding the filing of this action.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to

relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

The complaint states that plaintiff is incarcerated following the filing of a case against him by the defendant Kansas Department of Children and Families. The remaining defendants are identified as witnesses. Plaintiff alleges that claims made by witnesses have

resulted in a permanent separation from his children and a divorce, as well as the loss of property and employment due to his incarceration.

A review of on-line court records maintained by the Johnson County District Court shows that plaintiff is the defendant in a criminal action.[1] Because it appears that the state criminal action is related to his claims in this civil rights case, the Court may be prohibited from considering his claims under *Younger v. Harris*, 401 U.S. 37 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F.App'x 193, 197 (10th Cir. 2007)(unpublished)(citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003)).

Here, the state court materials show that a scheduling conference is set for December 21, 2017; thus, the state judicial proceedings are ongoing. Next, it is settled that a state has an important interest in enforcing its criminal laws. *See Strickland v. Wilson*, 399 Fed.Appx. 391, 397 (10th Cir. 2010). Finally, a state proceeding provides an adequate forum if the plaintiff will have an "opportunity to raise and have timely decided by a competent state tribunal" the claims presented in the federal lawsuit. *Middlesex Cty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 435-37 (1982)(citation omitted).

Because it appears the criteria for abstention under *Younger* are met in this case, the Court is considering the dismissal of this matter

---

[1] *See* www.jococourts.org; Case No. 17CR00212, *State v. Wabuyabo*.

without prejudice. Before entering that dismissal, however, the Court will allow plaintiff an opportunity to show cause why the matter should not be dismissed on that ground.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including January 15, 2018, to submit a certified financial statement in support of his motion to proceed in forma pauperis.

IT IS FURTHER ORDERED plaintiff is granted to and including January 15, 2018, to show cause why this matter should not be dismissed without prejudice for the reasons set forth in this order. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 14th day of December, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge